

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re:<br><br>SHAWN KAPELIELA and<br>CHRISTINE ANN KAPELIELA,<br><br>Debtors. | Case No.: 22-00011<br>Chapter 13<br><br>Related: ECF 127 |

## ORDER RECONSIDERING DISALLOWANCE OF CLAIM

This decision addresses the standards for reconsideration of a disallowed claim, including whether the court should have disallowed the claim in the first place.

**A. FACTS**

LVNV Funding, LLC ("LVNV") filed a timely proof of claim that the court designated as Claim 23. The proof of claim is based on a credit card originally issued by Synchrony Bank. In the proof of claim, LVNV stated

that it acquired the claim from Resurgent Acquisitions LLC. An employee of "Resurgent Capital Services" signed the proof of claim on behalf of LVNV; a power of attorney attached to the proof of claim purports to authorize Resurgent Capital Services LP to act on behalf of LVNV.

The deadline for nongovernmental entities to file claims was March 21, 2022.

Debtors Shawn and Christine Kapeliela filed an objection to Claim 23 (ECF 76). The objection asserted that (1) LVNV failed to attach "the required statement itemizing interest" or "any documentation establishing the basis for such interest," (2) LVNV failed to attach the writing on which the claim is based, (3) the Kapelielas disputed the amount claimed and intended to establish "through discovery" that the interest was unenforceable, and (4) LVNV had not attached documentation establishing that it had acquired the claim from Synchrony Bank (via mesne assignments).

The notice included in the objection required LVNV to file a response to the objection by January 2, 2024. LVNV did not file such a response;

2

instead, it filed an amended proof of claim, which the court designated as Claim 23-2. Claim 23-2 is the same as Claim 23, except LVNV added attachments purporting to show (1) the basis on which interest is charged and (2) the transfer of the claim from Synchrony Bank to LVNV (by mesne assignments).

In accordance with its standard practice, the court treated the objection to Claim 23 as moot, because the amended claim (Claim 23-2) had superseded it.

The Kapelielas then objected to Claim 23-2 (ECF 101). This objection repeated the first three grounds set forth in the original objection. The Kapelielas added a new objection: they asserted that LVNV had failed to provide the itemized statement of interest required by rule 3001(c)(2).[1] And they expanded on their original objection that LVNV had not established its ownership of the claim: they pointed out that the transfer documents

---

[1] Unless the context requires otherwise, "rule" refers to the Federal Rules of Bankruptcy Procedure and "section" or "§" refers to provisions of the Bankruptcy Code, 11 U.S.C.

3

attached to Claim 23-2 were incomplete.

The notice included in the second objection required LVNV to file a response to the objection by February 20, 2024. LVNV did not file such a response or a further amended claim by that date. Accordingly, on February 23, 2024, the court entered an order disallowing Claim 23-2 in its entirety (ECF 121).

On March 15, 2024, LVNV filed a motion to vacate the order disallowing its claim. LVNV claimed that it intended to file a timely response to the objection but failed to do so due to its counsel's excusable neglect. (LVNV offers no further explanation and no evidence to support this assertion.) It also argued that, if it were permitted to respond, the court would overrule the objection.

**B. ANALYSIS**

**1. Is Reconsideration Warranted?**

"A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." § 502(j).

4

To decide whether "cause" exists, the court should consider:

(1) whether granting the delay will prejudice the debtor or other creditors; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; (5) whether clients should be penalized for their counsel's mistake or neglect; and (6) whether the claimant has a meritorious claim.

*Sentry Fin. Serv. Corp. v. Pitrat (In re Res. Reclamation Corp.)*, 34 B.R. 771, 773-74 (B.A.P. 9th Cir. 1983). Cause exists under § 502(j) if the standard of either rule 9023 or 9024 is met, but cause may exist even if those rules are not satisfied. *Cassell v. Shawsville Farm Supply, Inc.*, 208 B.R. 380 (W.D. Va. 1996) (holding that the "excusable neglect" standard is more stringent than "cause").

Considering these factors and giving each of them appropriate weight, cause exists to reconsider the disallowance of LVNV's claim.

(1) Delaying the ultimate decision of LVNV's claim will not prejudice any party. The delay will not make it more difficult to evaluate LVNV's claim on the merits. Of course, the debtors would be worse off if the court reconsiders the claim, but depriving a party of a victory by default is not

5

"prejudice."

(2) The delay was brief. LVNV filed its motion for reconsideration only 25 days after it should have filed its response to the Kapelielas' claim objection.

(3) LVNV has not explained why its counsel failed to file a timely response and has offered no evidence that the failure was excusable. Therefore, the third factor weighs against LVNV's motion.

(4) There is no indication that LVNV manipulated the situation or used the delay to its benefit. Therefore, LVNV probably acted in good faith.

(5) LVNV's counsel forthrightly admits that the failure to file a timely response was their fault. There is no reason to punish LVNV for an error that prejudiced no one.

(6) As is explained in the next section, LVNV has a meritorious claim. If LVNV had timely responded to the claim objection, the court would have overruled it.

2. **Should the Court Disallow the Claim?**

To have an "allowed" claim against a bankruptcy estate (i.e., a claim

U.S. Bankruptcy Court - Hawaii    #22-00011   Dkt # 144   Filed  05/14/24   Page 6 of 12

that will share in any distribution of estate assets), the creditor must generally file a proof of claim. § 502(a). The proof of claim is "a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Rule 3001(a). The official forms are simple documents, requiring the creditor to check boxes, fill in blanks, and affix a signature.

In some situations, the creditor must attach additional information to the proof of claim. If a claim "is based on a writing, a copy of the writing shall be filed with the proof of claim." Rule 3001(c)(1).

This requirement does not apply if the claim is based on an open-end or revolving consumer credit agreement that is not secured by real property. For such a claim, the claimant must file with the proof of claim a statement that includes (if applicable):

> (i) the name of the entity from whom the creditor purchased the account;
> (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
> (iii) the date of an account holder's last transaction;
> (iv) the date of the last payment on the account; and
> (v) the date on which the account was charged to profit and loss.

7

Rule 3001(c)(3)(A). Such a claimant need not file with the proof of claim a copy of the writing on which the claim is based but must provide a copy of the writing on request. Rule 3001(c)(3)(B).

If the debtor is an individual and, "in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." Rule 3001(c)(2)(A).

Other requirements apply to certain kinds of secured claims. Rule 3001(c)(2)(B), (C).

The claim of a creditor who files a proof of claim is "deemed allowed." § 502(a). Further, a proof of claim that complies with the Rules "shall constitute prima facie evidence of the validity and amount of the claim." Rule 3001(f). In other words, the claim is presumptively valid.

To rebut the presumption, a party in interest must file an objection to the claim and establish that the claim should be disallowed on one or more of the grounds stated in § 502(b). *See Travelers Cas. & Sur. Co. of Am. v. Pac.*

8

U.S. Bankruptcy Court - Hawaii    #22-00011    Dkt # 144    Filed 05/14/24    Page 8 of 12

*Gas & Elec. Co.*, 549 U.S. 443, 449 (2007) ("[E]ven where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)."); *United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 210 (B.A.P. 9th Cir. 2006) ("The presumption may be overcome by the objecting party only if it offers evidence of equally probative value rebutting that offered in the proof of claim.").It is not enough to point out that the proof of claim is incomplete. "A proof of claim that lacks the documentation required by Rule 3001(c) does not qualify for the evidentiary benefit of Rule 3001(f)—it is not prima facie evidence of the validity and amount of the claim—but that by itself is not a basis to disallow the claim." *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 426 (B.A.P. 9th Cir. 2005).

It is also not sufficient simply to allege that the creditor cannot prove its claim. "The proof of claim is more than 'some' evidence; it is, unless rebutted, 'prima facie' evidence. One rebuts evidence with counter-evidence." *Litton Loan Servicing, L.P. v. Garvida (In re Garvida)*, 347 B.R. 697, 707 (B.A.P. 9th Cir. 2006) (cleaned up). If the objector questions the factual

9

basis for the claim, the objector can make a formal or informal request for information, and the claimant must respond, even if the proof of claim contains all of the information that the Rules require. *In re Heath*, 331 B.R. at 436. The creditor's failure to respond sufficiently "may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim." *Id*. at 437.

Once the objector comes forward with sufficient evidence to rebut the presumptive validity of the claim, the claimant bears the ultimate burden of persuasion. *In re Garvida*, 347 B.R. at 706.

The Kapelielas' objections to LVNV's amended proof of claim were insufficient to rebut the presumptive validity of the claim and trigger LVNV's ultimate burden of persuasion.

In paragraphs 1 and 4, the Kapelielas argue that LVNV "failed to attach the required statement itemizing interest . . . per rule 3001(c)(2)(A)." This is false. The fifth page of LVNV's claim sets out all of the information required by rules 3001(c)(2)(A) and (3)(A).

U.S. Bankruptcy Court - Hawaii    #22-00011    Dkt # 144    Filed 05/14/24    Page 10 of 12

In paragraph 1, the Kapelielas also argue that LVNV "failed to attach any documentation establishing the basis for such interest." Nothing in the Code or the Rules required LVNV to attach such documentation.

In paragraph 2, the Kapelielas argue that rule 3001 "requires that a claim based upon a writing include that writing." The requirement of attaching the writing does not apply to this claim because it is based on a credit card account. This is "an open-end or revolving consumer credit agreement" that is not secured by real property. Under rule 3001(c)(3)(A), LVNV was not required to attach to its proof of claim the writing on which the claim is based.

In paragraph 3, the Kapelielas assert that they "believe they don't owe the stated amount and intend to establish the unenforceable nature of the interest pursuant to 11 U.S.C. § 502(b)(1) through discovery." This unsworn statement by the Kapelielas' counsel is not evidence and is not sufficient to overcome the evidentiary effect of LVNV's proof of claim.

In paragraphs 5 and 6, the Kapelielas argue that the documents purporting to show the transfer of the claim to LVNV are incomplete and

11

insufficient. But nothing in the Code or the Rules requires a creditor to attach such documents. The proof of claim must be executed by an authorized person, Rule 3001(b), and the claim form includes a representation of the signer's authority, but the Code and Rules do not require the claimant to attach documents corroborating the signer's authority.

None of this means that LVNV's claim is impervious to attack. For example, the Kapelielas might be able to challenge the amount of interest and other charges or LVNV's right to assert the claim. This order means only that LVNV's proof of claim satisfies the relevant requirements of form and content. If the Kapelielas wish to challenge the claim, they must do so with evidence.

## C. CONCLUSION

Therefore, the motion for reconsideration is GRANTED, and the order sustaining the objection to Claim 23-2 (ECF 121) is VACATED.

**END OF ORDER**